UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JAMES BALLNTYNE and
ELISE BALLANTYNE                                                          PLAINTIFFS


V.                                         CIVIL ACTION NO. 1:06CV53 LTS-RHW


STATE FARM FIRE AND CASUALTY COMPANY
and KELLY CANNON                                                         DEFENDANTS


## MEMORANDUM OPINION

The Court has before it Plaintiffs James and Ellise Ballantyne's ( the Ballantynes) motion to remand.  The Court also has before it motions for additional time and to strike certain portions of a memorandum of law.  For the reasons set out below, this motion will be granted, the motion for additional time will be granted, and the motion to strike will be denied.

This is an action for property damage sustained in Hurricane Katrina.  Plaintiffs' residence at 24 Paradise Point, Bay St. Louis, Mississippi, was insured under a homeowners insurance policy (policy number 24-BU-2268-9) issued by Defendant State Farm Fire and Casualty Company (State Farm).  Plaintiff purchased this policy through State Farm's local agent, Defendant Kelly Cannon (Cannon).  The State Farm policy contains an exclusion for certain types of damage caused by water, as set out in the policy.

The state court complaint alleges that at the time the plaintiffs purchased their State Farm policy, Cannon represented to them that the policy covered any damages that might occur during a hurricane, including both wind and water damage. (1st Amended Complaint Paragraph 12) The Ballantynes allege that they relied upon Cannon's representations concerning the scope of their insurance coverage. (1st Amended Complaint Paragraph 12) The complaint alleges that Cannon was negligent in connection with the sale of the policy in question. (1st Amended Complaint Paragraphs 25 through 30)

During Hurricane Katrina the Ballantynes' property sustained substantial damage from the storm surge flooding that occurred during the storm.  State Farm denied coverage for these losses on the grounds that they were excluded losses under the State Farm homeowners policy.

Both the plaintiffs and Cannon are resident citizens of Mississippi. If Cannon is a properly named defendant, there is no complete diversity of citizenship, and this Court lacks subject matter jurisdiction under 28 U.S.C. §1332.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the Ballantynes have fraudulently joined Cannon in order to defeat diversity jurisdiction. This is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

Plaintiffs have alleged that Cannon made a representation that the State Farm policy in question provided coverage for all damage that the insured property might sustain in the event of a hurricane, including water damage. (1st Amended Complaint Paragraph 12) The Ballantynes allege that they relied upon Cannon's representation concerning the scope of coverage afforded by the State Farm policy. A fair reading of the complaint would support an inference that the Ballantynes would have purchased flood insurance had Cannon not represented to them that the State Farm policy provided coverage for all damage their property might sustain during a hurricane, including water damage.

Plaintiffs also allege that Cannon was negligent in failing to properly advise them of the coverages that were necessary to protect their property, in failing to advise them that the State Farm policy excluded water damage from storm surge flooding, and in failing to recommend that they purchase flood insurance. (1st Amended Complaint - IV Negligence and Gross Negligence of Defendant Cannon, Paragraphs 25 through 30)

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit the Ballantynes' theory of recovery and allegation against Cannon.

Of course, the truth of the plaintiffs' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. At this juncture, however, the Ballantynes' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Without venturing any opinion on the merits of the Ballantynes' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Cannon and State Farm have failed to establish that the Ballantynes have no viable legal theory upon which they may proceed against Cannon under the Ballantynes' version of events.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

The motion for additional time to respond to the motion to remand will be granted. The motion to strike portions of the memorandum in support of the motion to remand will be denied.

An appropriate order will be entered.

Decided this 14th day of August, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge